IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA S.-D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24-CV-383-JFJ |
| | ) |
| FRANK BISIGNANO,[1] | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Cynthia S.-D. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.      General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological

---

[1] Effective May 7, 2025, pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921.  *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a).  A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v).  If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national

economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 52-year-old female, applied for Title II disability insurance benefits on November 11, 2020, alleging a disability onset date of November 18, 2019. R. 19, 223-224. Plaintiff claimed she was unable to work due to conditions including pulmonary embolisms, hypoxia, bipolar disorder, and back pain. R. 289. Plaintiff's claim for benefits was denied initially on February 3, 2021, and on reconsideration on September 7, 2021. R 19, 59-98. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a telephonic hearing on September 19, 2023. R. 36-58. The ALJ issued a decision on October 3, 2023, denying benefits and finding

Plaintiff not disabled because she was able to perform past relevant work. R. 19-29. The Appeals Council denied review, and Plaintiff appealed. R. 3-5; ECF No. 1.

The ALJ found that Plaintiff's date last insured was December 31, 2024. R. 21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 18, 2019. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: recurrent pulmonary embolism; asthma/chronic obstructive pulmonary disease and/or seasonal allergies with tobacco abuse; (*severe in combination*) minimal-to-mild lumbar degenerative disc disease with minimal-to-mild cervical degenerative disc disease post-laminectomy; and obesity. *Id.* The ALJ found that Plaintiff had following non-severe impairments: history of coronary artery disease post myocardial infraction; migraines; incontinence; asymptomatic microscopic hematuria; insomnia; right fifth digit proximal phalanx fracture; essential benign hypertension; hyperlipidemia; history of psoriasis-eczema/dermatitis; COVID-19 viral infection; depression; and post-traumatic stress disorder. R. 22. The ALJ found Plaintiff's impairments of atypical recurrent non-cardiac chest pain and hip pain were not medically determinable. *Id.*

In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that Plaintiff had no limitations in all four areas of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. R. 22-23. At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. R. 23.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ found that Plaintiff had the RFC to perform light work, "except to occasionally climbing ramps

and stairs; occasionally climbing ladders, ropes, and scaffolds; frequent balancing; occasionally stooping, kneeling, crouching and crawling; and, have no more than occasional exposure to pulmonary irritants." *Id.* Based on the testimony of a vocational expert ("VE"), the ALJ found at step four that Plaintiff was able to perform past relevant work as a guest service agent, either as actually or generally performed. R. 28. Therefore, the ALJ concluded that Plaintiff was not disabled through the date of decision. *Id.*

### III.    Issue

Plaintiff raises one point of error in her challenge to the denial of benefits: that the ALJ erred by not adequately considering her pulmonary impairments and use of nebulizer as part of the RFC analysis.

### IV.    Analysis – ALJ Erred by Failing to Consider Plaintiff's Nebulizer Use

Plaintiff contends the ALJ committed reversible error by not adequately accounting for her use of a nebulizer as part of the RFC analysis. In support, Plaintiff identifies multiple references between 2020 and 2023 of nebulizer prescriptions, with recommendations that she use it every four or six hours as needed. *See e.g.*, R. 1005, 1327, 1540, 1705, 1729, 1769, 2129, 2143, 2153, 2170, 2270, 2282, 2729, 2778, 2782, 2825, 2871. Plaintiff also points to her September 2023 testimony that she viewed her daily chest pain, lungs, and breathing as her greatest obstacles to performing work, and that she "do[es] have breathing treatments that [she] take[s] every day." R. 47. In the decision, the ALJ found Plaintiff's asthma/COPD severe and discussed her use of home oxygen in 2019-2021, but he did not acknowledge Plaintiff's nebulizer prescription or her testimony that she took breathing treatments every day. Plaintiff contends that the ALJ's failure to consider Plaintiff's use of nebulizer breathing treatments during the day was harmful error,

5

because such use could disrupt her workday and would therefore affect her RFC and her ability to maintain employment.

      The Court finds Plaintiff's argument persuasive under prevailing Tenth Circuit authority. In *Klitz v. Barnhart*, 180 F. App'x 808 (10th Cir. 2006), the ALJ found the claimant had severe chronic obstructive lung disease and imposed an RFC environmental limitation of no exposure to dust. *Id.* at 809. At the hearing, the claimant testified and provided supporting evidence that she used a home nebulizer twice daily for two to three days per week. *Id.* The court explained that, "[i]n making an RFC finding when . . . a medically determinable impairment imposes environmental restrictions, an ALJ must consider any resulting limitations and restrictions that may affect other work-related abilities and reduce a claimant's ability to work." *Id.* at 810 (citing 20 C.F.R. § 416.945(d)). Applying this rule, the court found that, "[a]lthough the ALJ acknowledged [claimant's] use of the nebulizer, he never addressed any effect it might have on her ability to work." *Id.* As a result, the court concluded the ALJ's RFC finding was not supported by substantial evidence. *Id.* The court indicated that, on remand, the ALJ should develop certain details of the claimant's use of the home nebulizer, such as whether it was portable and whether the claimant's need to use the nebulizer occurred at random, uncontrollable times, or whether she could use it at established times such as before or after work or during set work breaks. *Id.*

      Here, the ALJ imposed environmental RFC restrictions to account for Plaintiff's severe asthma/COPD ("no more than occasional exposure to pulmonary irritants"). However, he did not even acknowledge Plaintiff's use of a nebulizer, much less discuss the evidence regarding work-related restrictions resulting from nebulizer use. As explained in *Klitz*, such use could affect the RFC pertaining to necessary work breaks and time spent off task, and failure to consider such use

amounts to reversible error. As a result, remand is required to establish how Plaintiff's nebulizer use would affect her ability to work.

Remand is also consistent with applications of *Klitz* by district courts in the Tenth Circuit. *See, e.g., Haynes v. Kijakazi*, No. CIV-21-217-AMG, 2022 WL 1721060, at *4-5 (W.D. Okla. May 27, 2022) (remanding pursuant to *Klitz*, where ALJ did not acknowledge nebulizer use despite claimant's testimony of using nebulizer twice per day and supportive records indicating nebulizer prescription throughout relevant period) (collecting cases applying *Klitz*); *White v. Kijakazi*, No. CIV-20-155-RAW-SPS, 2021 WL 4434306, at *4 (E.D. Okla. Aug. 31, 2021) (finding reversible error where ALJ did not discuss or account for claimant's testimony of regular nebulizer use to treat her nonsevere COPD), *report and recommendation adopted*, 2021 WL 4430862 (Sept. 27, 2021); *Prather v. Astrue*, No. CIV.09-0437-HE, 2010 WL 3731184, at *3-4 (Sept. 8, 2010) (remanding where ALJ did not include claimant's nebulizer use in hypothetical question to VE or any resulting restriction in RFC, despite claimant's testimony she used a nebulizer three or four times per day for fifteen minutes each to treat severe asthma). The Court identifies no reason to depart from this line of cases applying *Klitz*.

In his response brief, the Commissioner argues that substantial evidence supported the ALJ's RFC regarding Plaintiff's shortness of breath. While acknowledging the ALJ did not discuss Plaintiff's testimony that she took daily breathing treatments or that she had ongoing prescriptions for nebulizer treatments, the Commissioner argues the ALJ discussed Plaintiff's chest pain and breathing issues and addressed Plaintiff's treatment history for breathing problems, including periodic use of home oxygen. *See* R. 24-25 (discussing Plaintiff's treatment for pulmonary embolism, asthma, and shortness of breath in 2019, 2021, and 2022, including home oxygen). The Commissioner also points to the ALJ's findings of normal cardiac workups, normal

spirometry testing, and a stress test indicating Plaintiff's symptoms were due to deconditioning that could be resolved with progressive exercise. R. 27 (citing R. 880, 2213-2216, 2245, 2807). The Commissioner further notes the ALJ's discussion of Plaintiff's testimony regarding other limitations related to shortness of breath, such as standing and walking limitations. R. 24.

In light of *Klitz* and the lower court authority discussed above, the Court rejects the Commissioner's argument and does not find the ALJ's RFC to be supported by substantial evidence. The Commissioner argues *Klitz* and lower court cases applying it are distinguishable, because Plaintiff did not testify how often or how long she needed to use a nebulizer, or how such use might affect her ability to work. However, the Court finds *Klitz* to be on point with the facts of this case. The remand in *Klitz* did not turn on the specificity of the claimant's allegations regarding nebulizer use. It turned instead on the uncertainty in the ALJ's RFC discussion of whether the claimant's necessary home nebulizer use would disrupt a normal workday. The same concern applies here, because the ALJ imposed environmental RFC restrictions but did not consider the work-related implications of Plaintiff's nebulizer use.

The Commissioner attempts to liken this case to district court decisions affirming the ALJ's decision regarding the claimant's alleged nebulizer use. *See L. A. v. O'Malley*, No. 23-cv-02372-NRN, 2024 WL 4308183, at *5-6 (D. Colo. Sept. 26, 2024); *Roger L. F. v. Kijakazi*, No. 22-cv-184-SH, 2023 WL 5278012, at *4-5 (N.D. Okla. Aug. 16, 2023); *Humble v. Astrue*, No. CIV-08-18-D, 2009 WL 203952, at *3 (W.D. Okla. Jan. 26, 2009). These cases are distinguishable. In both *L. A.* and *Roger L. F.*, the ALJ did discuss the claimants' nebulizer use in the RFC analysis, and the courts concluded no further discussion was required. *L. A.*, 2024 WL 4308183, at *5 ("The ALJ's decision notes that Plaintiff testified that she uses a nebulizer three times per day for 15-20 minutes each times, and states that '[s]he uses it on somewhat of a schedule because without it she

8

can sense a change in her breathing."); *Roger L. F.*, 2023 WL 5278012, at *4 (noting that, "contrary to Plaintiff's claims, the ALJ did consider Plaintiff's nebulizer use in his RFC analysis") (quoting ALJ's discussion of nebulizer use).  In *Humble*, the court affirmed the RFC finding because the record indicated the claimant used a nebulizer only on a short-term basis during episodes of pneumonia, rather than on a continuous, daily basis.  2009 WL 203952, at *3.  In contrast here, the ALJ did not even acknowledge Plaintiff's nebulizer prescription or her testimony that she did daily breathing treatments, where the evidence indicates she was prescribed nebulizer use every four or six hours as needed.

The Court concludes the ALJ's RFC was unsupported by substantial evidence.  On remand, the ALJ should develop the record as needed regarding Plaintiff's nebulizer use, consider and address the record evidence and testimony regarding Plaintiff's use of a nebulizer, and determine whether such evidence affects the RFC and resulting questions to the VE.

**V.     Conclusion**

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 12th day of August, 2025.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**